**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. __-cv-_____

**CASTLE CONSTRUCTION SERVICES, LLC,
a Colorado limited liability company,**

    Plaintiff,

      v.

**DSI HOLDINGS CORPORATION d/b/a
SERVICE MASTER DSI, an Illinois limited liability company;
WASHINGTON INTERNATIONAL INSURANCE COMPANY, an Arizona corporation,**

    Defendants.

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants DSI Holdings Corporation d/b/a Service Master DSI ("DSI") and Washington International Insurance Company ("Washington"), by and through their attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby file this Notice of Removal of the action commenced in the Jefferson County District Court captioned *Castle Construction Services, LLC, a Colorado limited liability company v. DSI Holdings Corporation d/b/a ServiceMaster DSI, an Illinois limited liability company; Washington International Insurance Company, an Arizona corporation,* Case No. 2018CV30817 (the "State Court Action"). In support thereof, Defendants state as follows:

    1.    On May 18, 2018, Plaintiff Castle Construction Services, LLC filed its Complaint against the Defendants in the State Court Action. *See* Plaintiffs' Complaint attached hereto as

**Exhibit A**. Plaintiff's Complaint involves a mechanics' lien upon bond undertaking on real property situated in Jefferson County. (**Exhibit A**).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

4. Defendants have timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(3). The complaint was served on each Defendant June 20, 2018.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff's Complaint specifically alleges that they are Colorado residents. (**Exhibit A**, Plaintiff's Complaint at ¶ 1.)

6. Plaintiff's Complaint alleges Defendant DSI is an Illinois Limited Liability company, created and existing under the laws of Illinois (**Exhibit A**, Plaintiff's Complaint at ¶ 2.)

7. Plaintiff's Complaint alleges Defendant Washington is a New Hampshire corporation, created and existing under the laws of New Hampshire. (**Exhibit A,** Plaintiff's Complaint at ¶ 3.)[1]

---

[1] Defendants note that the caption of Plaintiff's Complaint identifies Defendant Washington as an Arizona corporation. Defendants' clarify for the Court that Defendant Washington was originally incorporated under the laws of Arizona, but in 2008 the company filed for and was approved for re-domestication in New Hampshire. *See* **Exhibit B**, *infra*, Findings and Final Order dated Sept. 30, 2008 re: "Application for Approval of Redomestication of Foreign Insurer by Washington International Ins. Co."

8. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court holds that the principal place of business is the corporation's "nerve center" which is normally "the place where the corporation maintains its headquarters…" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Thus, Washington is a citizen of New Hampshire for diversity purposes.  It is not a citizen of Colorado because it does not maintain its "nerve center" in Colorado.  (**Exhibit B**, Secretary of State Information for Defendants.).   The Complaint identifies DSI as an Illinois company authorized to do business in the State of Colorado. (**Exhibit A**, Plaintiff's Complaint at ¶ 2.)

9. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

## AMOUNT IN CONTROVERSY

10. The alleged amount in controversy exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2). *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal). Removal is proper if it is more likely than not that the claim exceeds $75,000.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence).  However, "defendant may rely on an estimate of the potential damages from the allegations in the

complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

11. The core of Plaintiff's Complaint is the allegation that Plaintiff and DSI entered into a subcontractor agreement. Plaintiff performed work on the project known as the Faith Academy High School Project ("The Project"). Plaintiff alleges that DSI failed and refused to pay invoices to Plaintiff in the principal amount of $106,261.00. (**Exhibit A,** Plaintiff's Complaint at ¶¶ 5 and 10.)

12. Plaintiff also alleges that they send a Notice of Intent to File Lien Statement to DSI on March 6, 2018, which they recorded on March 16, 2018. DSI obtained a Mechanic's Lien Release Bond, naming Washington as the surety.

13. Plaintiff's alleged materials and labor totaling $106,261.00 bring Plaintiff's alleged damages above the $75,000 jurisdictional threshold. Indeed, a reasonable estimate of Plaintiff's fees, in and of itself, likely exceeds this court's jurisdictional threshold.

### COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, all papers, pleadings and indexes that have been filed or served upon Defendants in the State Court Action, including the docket sheet, are attached hereto as **Exhibit C**. To the best of Defendants' knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

15. Defendants will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Jefferson County District Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal will be filed with the Jefferson County District

Court and served upon Plaintiff's counsel and will be filed with this Court as **Exhibit D** after the filing is completed.

16. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendants respectfully request that the filing of this Notice of Removal shall effect the removal of this case to the United State District Court for the District of Colorado.

Dated: July 18, 2018　　　　　　　　　By: */s/ Nicole M. Black*
　　　　　　　　　　　　　　　　　　　Nancy L. Cohen, Esq.
　　　　　　　　　　　　　　　　　　　Nicole M. Black, Esq.
　　　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　　　　1700 Lincoln Street, Suite 4000
　　　　　　　　　　　　　　　　　　　Denver, Colorado 80203
　　　　　　　　　　　　　　　　　　　Tel. 303.861.7760
　　　　　　　　　　　　　　　　　　　Fax 303.861.7767
　　　　　　　　　　　　　　　　　　　Nancy.Cohen@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　Nicole.Black@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2018, a copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL OF ACTION** was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Caroline H. Beavers, Esq.
Lyndsey A. Mott, Esq.
Schlueter, Mahoney & Ross, P.C.
999 18th Street, Suite 2200
Denver, Colorado 80202
caroline@smrlaw.net
Lyndsey@smrlaw.net
*Attorneys for Plaintiff*

*/s/ Terri K. O'Brien*
Lewis Brisbois Bisgaard & Smith LLP