# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: May 18, 2018 6:16 PM<br>FILING ID: 9B459CBE2D081<br>CASE NUMBER: 2018CV30817 |
| PLAINTIFF:  CASTLE CONSTRUCTION SERVICES, LLC, a Colorado Limited Liability Company.<br><br>v.<br><br>DEFENDANTS:  DSI HOLDINGS CORPORATION D/B/A SERVICEMASTER DSI, an Illinois Limited Liability Company; WASHINGTON INTERNATIONAL INSURANCE COMPANY, an Arizona Corporation. | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Caroline H. Beavers, #49064<br>Lyndsey A. Mott, #51255<br>Schlueter, Mahoney & Ross, P.C.<br>999 18th Street, Suite 2200<br>Phone No. (303) 292-4525<br>Fax No.: (303) 292-1229<br>E-mail: caroline@smrlaw.net; Lyndsey@smrlaw.net; | Case No:<br><br>Div:<br><br>Ctrm: |

## COMPLAINT

COMES NOW, Plaintiff Castle Construction Services, LLC ("Castle"), by and through its attorneys, Schlueter, Mahoney & Ross, P.C., and submits its Complaint. Plaintiff Castle states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Castle is a Colorado Limited Liability Company with a principal place of business of 635 Canosa Court, Denver, CO 80219.

2.      Defendant DSI Holdings Corporation d/b/a ServiceMaster DSI ("SMD") is an Illinois Limited Liability Company, registered as a foreign entity doing business in Colorado, with a principal place of business of 2400 Wisconsin, Downers Grove, IL 60515 and registered agent: Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3.      Defendant Washington International Insurance Company ("WIIC") is a New Hampshire corporation not registered to do business in the state of Colorado, with a principal place of business at 650 Elm Street, Manchester, NH 03101 and registered agent: James V. Hatem, Esq., Nixon Peabody LLP, 900 Elm Street, Manchester, NH 03101.

4.     This Complaint involves a foreclosure of a mechanics' lien upon bond undertaking on real property situated in Jefferson County, Colorado, and therefore venue and jurisdiction is proper in the District Court of Jefferson County pursuant to C.R.C.P. 98(a).

## GENERAL ALLEGATIONS

5.     On or about July 6, 2017, Castle and Defendant SMD entered into a Subcontractor Agreement ("Subcontract") under which Castle undertook to perform construction services on the project known as Faith Academy High School Project (the "Project"), located at 4890 Carr St., Arvada, Colorado 80002 (the "Property"), owned by Faith Bible Chapel International ("Owner").

6.     The Property is more fully described as:

S/4 Section 14- Township 3 South – Range 69 West

Also known as Parcel 39-143-00-090

Street Address: 4890 Carr St., Arvada, Colorado 80002

7.     Castle's work at the Project included furnishing labor and materials provided in the construction of improvements on the Project (the "Work").

8.     Castle performed the Work it was required and directed to perform under the Subcontract with Defendant SMD.

9.     Defendant SMD entered into the Subcontract with Castle and Castle performed the scope of work described in the Subcontract.

10.     Defendant SMD has failed and refused to pay Castle's invoices for a portion of the Subcontract work in the principal amount of $106,261.00.

11.     On or about March 6, 2018, Castle sent a Notice of Intent to File Lien Statement, via prepaid certified mail, return receipt requested, to Defendant SMD and Owner in conformance with the General Mechanic's Lien Statute, §38-22-109, C.R.S.

12.     On or about March 16, 2017, Castle recorded a Statement of Mechanics' Lien in the records of the Jefferson County Clerk and Recorder at Reception No. 2018024445.

13.     On April 3, 2018, Defendant SMD initiated a Jefferson County District Court Civil Action No. 2018CV30514 petitioning for an order for substitution over the mechanic's lien filed by Castle.

14.     On April 3, 2018, the Court granted Defendant SMD's Ex Parte Motion for Substitution of Bond Over the Mechanic's Lien of Castle Construction Services, LLC for the mechanics' lien recorded by Castle on March 19, 2018.

15.     Defendant SMD obtained a Mechanic's Lien Release Bond pursuant to §38-22-131(1), C.R.S., for Castle's mechanic's lien. (Bond No. 9186715) naming Defendant WIIC as surety, Defendant SMD as principal and Castle as the lien claimant in the penal sum of $159,391.50 ("Release Bond") for the benefit of Castle on the Project.  A copy of the Release Bond is attached as **Exhibit A**.

16.     Castle is an intended beneficiary of the Release Bond.

17.     On April 4, 2018, the Court filed a Certificate of Release of Mechanic's Lien on the Statement of Lien recorded by and in favor of Castle on March 19, 2018.

18.     As of the date of this Complaint, Defendant SMD owes Castle $106,261.00 for labor and materials provided under the Subcontract plus interest.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Defendant SMD)**

19.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

20.     Castle and Defendant SMD entered into a Subcontract whereby Castle agreed to perform the Work in exchange for payment.

21.     Castle performed its obligations under the Subcontract in completing the work and otherwise complying with its contractual requirements and/or is excused from performance of any further work as a result of Defendant SMD's breach of the Subcontract.

22.     Defendant SMD failed to make timely payments, as required by the Subcontract.

23.     Defendant SMD failed to make final payment for the unpaid balance specified in the invoices.

24.     Defendant SMD's actions and omissions are material breaches of the Subcontract.

25.     Defendant SMD's breach of the Subcontract have caused Castle damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Release Bond Claim – Defendants SMD and WIIC)**

26.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

27.     Defendant SMD, as Principal, and Defendant WIIC, as surety, executed a Release Bond for the use and benefit of lien claimant Castle for the Project.

28.     Under the Release Bond, Defendants SMD and WIIC are jointly and severally liable to Castle for all the unpaid balance due and owing for furnishing materials and labor used in the pursuit of the work at the Project.

29.     Castle is an intended beneficiary of the Release Bond and is entitled to receive from Defendants SMD and WIIC, jointly and severally, the unpaid balance due and owing for furnished materials and labor used in the pursuit of the work at the Project.

30.     All conditions precedent to the maintenance of this action have been performed or have occurred.

### THIRD CLAIM FOR RELIEF
**(Foreclosure of Mechanic's Lien Upon Bond Undertaking –
Defendants SMD and WIIC)**

31.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

32.     Castle has perfected its mechanics' lien on the Project.

33.     Castle is in the class of those entitled to a mechanics' lien under §38-22-101, C.R.S. et. seq.

34.     All of the Project is necessary for the convenient use and occupation of the work for which said materials and labor were supplied and provided by Castle.

35.     Castle has perfected its mechanics' lien and is the intended beneficiary on the Release Bond.

36.     In lieu of foreclosing on its mechanics' lien, Castle is entitled to recover its damages from the Release Bond.

### FOURTH CLAIM
**(Unjust Enrichment – Defendant SMD)**

37.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

38.     A benefit was conferred on Defendants SMD when Castle furnished materials and labor at the Project.

39.     Defendant SMD appreciated and realized the benefit when Castle furnished materials and labor at the Project.

40.     Defendant SMD accepted the benefit under such circumstances that it would be inequitable for them to retain the benefit without payment of its value to Castle.

41.     The furnished materials and labor provided by Castle had a reasonable value in excess of $106,261.00.

42.     Under the circumstances, it would be inequitable and unjust for Defendant SMD to retain the benefit of the furnished materials and labor that Castle provided for the Project without payment of its value.

4

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Colorado Trust Fund Statute, §38-22-127, C.R.S. – Defendant SMD)**

43.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

44.     Castle entered into a Subcontract with Defendant SMD in which Castle would furnish materials and labor for the Project. Defendant SMD contracted to pay all amounts owed for the materials and labor furnished by Castle.

45.     These subcontractor/supplier funds were to be held in trust to be paid to the subcontractors and suppliers that worked on the Project.

46.     The Owner disbursed all funds owed to Defendant SMD under the Subcontract. These funds included amounts to be paid to Defendant SMD's subcontractors and suppliers. See attached email from the Owner's counsel at **Exhibit B**.

47.     Upon information and belief, Defendant SMD did not hold the funds owed to Castle in trust, in violation of §38-22-127, C.R.S, but instead used the funds for other obligations or for such other unknown and inappropriate purposes.

48.     Castle is a subcontractor, laborer, or material supplier who had a right to file a lien against the Property for the work performed.

49.     Castle is entitled to seek restitution pursuant to the Colorado Trust Fund Statute from Defendant SMD for payment of materials and labor supplied to Defendants SMD.

50.     Defendant SMD breached its fiduciary duty to Castle by failing to disburse the construction funds as required by §38-22-127, C.R.S.

51.     As a result of Defendant SMD's violation of §38-22-127, C.R.S., Castle is entitled to attorneys' fees incurred to enforce this action. Further, Castle has been damaged as a direct and proximate result of the conduct of Defendant SMD in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**(Civil Theft pursuant to §18-4-401, C.R.S. - Defendant SMD)**

52.     Castle incorporates all allegations of this Complaint as if fully set forth herein.

53.     Pursuant to §38-22-127, C.R.S., a violation of the Colorado Trust Fund Statute results in civil theft.

54.     Defendant SMD knowingly obtained or exercised control over monies of another without authorization.

55.     Defendant SMD intended to deprive Castle permanently of the use or benefit of the monies and/or knowingly used or concealed the monies in such a manner as to deprive Castle

permanently of its use or benefit and/or used or concealed the monies intending that such or concealment would deprive Castle permanently of its use and benefit.

56.     Defendant SMD knowingly retained the monies owed to Castle.

57.     Castle was damaged by the actions of Defendant SMD and is entitled to an award of attorneys' fees and treble damages, pursuant to §38-22-127, C.R.S., §18-4-401, C.R.S. and §18-4-405, C.R.S. in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Castle incorporates its claims and requests as if set forth entirely herein and respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a.  For the actual money damages, interest as permitted by law to the date of entry of judgment, as well as post-judgment interest until paid, resulting from Defendant SMD's breach of contract, together with costs, expenses, expert fees, and attorneys' fees incurred by Castle as allowed by any applicable statutes, regulations, rules, and/or contracts;

b.  For judgment against Defendants SMD and WIIC for recovery on the Release Bond in place of Castle's mechanics' lien and any additional remedy allowable by law pursuant to statute;

c.  For treble damages pursuant to §38-22-127, C.R.S.;

d.  For judgment against Defendant SMD on Castle's claim for unjust enrichment; and

e.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of May, 2018.

SCHLUETER, MAHONEY & ROSS, P.C.

*Original Signature on File at the Offices of Schlueter, Mahoney & Ross, P.C.*

 */s/  Caroline H. Beavers*
Caroline H. Beavers, Reg. No. 49064

**Plaintiffs Address:**
635 Canosa Court
Denver, CO 80219